IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

**TAMARA FAVAZZA,**
    Plaintiff,       )

v.      )

**PATH MEDIA HOLDINGS, LLC**
    <u>Serve</u>: **Joseph R. Francis**
    **Owner/Member**
    1111 Bel Air Place
    Bel Air, CA 90077
    OR
    "Girls Gone Wild" Offices
    The Tower in Westwood
    10940 Wilshire Blvd.
    Tenth Floor
    Westwood, CA 90024
    (NOTE:  Defendant's name is not
    Listed on building directory, but
    Offices are there on the 10th floor

OR

    Wherever he may be found

**GGW BRANDS, LLC**
    <u>Serve</u>: **Registered Agent**
    **Attorney Robert F. Klueger**
    Klueger & Stein, LLP
    16000 Ventura Blvd.
    Suite 1000
    Encino, CA 91436
    OR
    **Joseph R. Francis**
    **Owner/Member**
    1111 Bel Air Place
    Bel Air, CA 90077
    OR
    The Tower in Westwood
    10940 Wilshire Blvd.
    Tenth Floor
    Westwood, CA 90024
    (NOTE:  Defendant's name is not
    Listed on building directory, but
    Offices are there on the 10th floor

Cause No.  1222-CC09045

Div. No.  31

JURY TRIAL WAIVED

FILED
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK
2012 JUN 21 PM 1: 58
CLERK
CASHIER

1

OR )
Wherever he may be found )
**OR** )
**Chris Dale**, VP/Manager )
"Girls Gone Wild" Offices )
The Tower in Westwood )
10940 Wilshire Blvd. )
Tenth Floor )
Westwood, CA 90024 )
)
)
**GGW BRANDS, INC.** )
    <u>Serve</u>:  **Registered Agent** )
    **Agents and Corporations, Inc.** )
    1201 Orange Street )
    Suite 600 )
    One Commerce Center )
    Wilmington, DE 19801 )
    OR )
    **Joe Francis** )
    **Owner/Member** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE:  Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
)
    OR )
    Wherever he may be found )
    **OR** )
    **Chris Dale**, VP/Manager )
    "Girls Gone Wild" Offices )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
)
**GGW DIRECT, LLC** )
**a/k/a "GGW DIRECT,"** )
**"GGW DIRECT, INC.,"** and )

2

**"GGW-ONLINE.COM"** )
    <u>Serve</u>: **Registered Agent** )
    **Attorney Robert F. Klueger** )
    Klueger & Stein, LLP )
    16000 Ventura Blvd. )
    Suite 1000 )
    Encino, CA 91436 )
    OR )
    **Joseph Francis** )
    **Owner/Member** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE:  Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
    OR )
    Wherever he may be found )
     )
**GGW EVENTS, LLC** )
<u>Serve</u>: **Registered Agent** )
    **Attorney Robert F. Klueger** )
    Klueger & Stein, LLP )
    16000 Ventura Blvd. )
    Suite 1000 )
    Encino, CA 91436 )
    OR )
    **Joseph R. Francis** )
    **Owner/Member** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE:  Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
     )

```
              OR                                    )
              Wherever he may be found             )
                                                    )
GGW MAGAZINE, LLC                                   )
       Serve: Registered Agent                      )
       Attorney Robert F. Klueger                   )
       Klueger & Stein, LLP                         )
       16000 Ventura Blvd.                          )
       Suite 1000                                   )
       Encino, CA 91436                             )
       OR                                           )
       Joseph R. Francis                            )
       Owner/Member                                 )
       1111 Bel Air Place                           )
       Bel Air, CA 90077                            )
       OR                                           )
       "Girls Gone Wild" Offices                    )
       The Tower in Westwood                        )
       10940 Wilshire Blvd.                         )
       Tenth Floor                                  )
       Westwood, CA 90024                           )
       (NOTE:  Defendant's name is not              )
       Listed on building directory, but            )
       Offices are there on the 10th floor          )
                                                    )
       OR                                           )
       Wherever he may be found                     )
                                                    )
GGW MARKETING, LLC                                  )
       Serve:                                       )
       Joseph R. Francis                            )
       Owner/Member                                 )
       1111 Bel Air Place                           )
       Bel Air, CA 90077                            )
       OR                                           )
       "Girls Gone Wild" Offices                    )
       The Tower in Westwoo                         )
       10940 Wilshire Blvd.                         )
       Tenth Floor                                  )
       Westwood, CA 90024                           )
       (NOTE:  Defendant's name is not              )
       Listed on building directory, but            )
       Offices are there on the 10th floor          )
       OR                                           )
       Wherever he may be found                     )
                                                    )
```

4

MANTRA ENTERTAINMENT, LLC )
    <u>Serve</u>: **Registered Agent** )
    **Attorney Robert Schibel** )
    11111 Santa Monica Blvd. )
    Suite 1000 )
    Los Angeles, CA 90025 )
    OR )
    **Joseph R. Francis** )
    **Owner/Member** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE: Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
     )
    OR )
    Wherever he may be found )
     )
**PEPE BUS, LLC** )
    <u>Serve</u>: )
    **Joseph R. Francis** )
    **Owner/Member** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE: Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
     )
    OR )
    Wherever he may be found )

AERO FALCONS, LLC a/k/a )
AERO FALCON, LLC )
     Serve: )
     **Joseph R. Francis** )
     **Owner/Member** )
     1111 Bel Air Place )
     Bel Air, CA 90077 )
     OR )
     "Girls Gone Wild" Offices )
     The Tower in Westwood )
     10940 Wilshire Blvd. )
     Tenth Floor )
     Westwood, CA 90024 )
     (NOTE: Defendant's name is not )
     Listed on building directory, but )
     Offices are there on the 10th floor )
     OR )
     Wherever he may be found )
      )
BLUE HORSE TRADING, LLC )
     Serve: )
     **Joseph R. Francis** )
     **Owner/Member** )
     1111 Bel Air Place )
     Bel Air, CA 90077 )
     OR )
     "Girls Gone Wild" Offices )
     The Tower in Westwood )
     10940 Wilshire Blvd. )
     Tenth Floor )
     Westwood, CA 90024 )
     (NOTE: Defendant's name is not )
     Listed on building directory, but )
     Offices are there on the 10th floor )
      )
     OR )
     Wherever he may be found )
      )
SANDS MEDIA, INC. )
     Serve: )
     **Joseph R. Francis** )
     **Owner** )
     1111 Bel Air Place )
     Bel Air, CA 90077 )
     OR )

6

"Girls Gone Wild" Offices )
The Tower in Westwood )
10940 Wilshire Blvd. )
Tenth Floor )
Westwood, CA 90024 )
(NOTE: Defendant's name is not )
Listed on building directory, but )
Offices are there on the 10th floor )
)
OR )
Wherever he may be found )
)
**ROTHWELL, LTD.** )
   Serve: )
   **Joseph R. Francis** )
   **Owner/Member** )
   1111 Bel Air Place )
   Bel Air, CA 90077 )
   OR )
   "Girls Gone Wild" Offices )
   The Tower in Westwood )
   10940 Wilshire Blvd. )
   Tenth Floor )
   Westwood, CA 90024 )
   (NOTE: Defendant's name is not )
   Listed on building directory, but )
   Offices are there on the 10th floor )
   OR )
   Wherever he may be found )
)
**MANTRA FILMS, INC.** )
   Serve: )
   **Joseph R. Francis** )
   **Owner** )
   1111 Bel Air Place )
   Bel Air, CA 90077 )
   OR )
   "Girls Gone Wild" Offices )
   The Tower in Westwood )
   10940 Wilshire Blvd. )
   Tenth Floor )
   Westwood, CA 90024 )
   (NOTE: Defendant's name is not )
   Listed on building directory, but )
   Offices are there on the 10th floor )
)

7

OR )
Wherever he may be found )
)
**MRA HOLDING, LLC a/k/a** )
**MRA HOLDINGS, LLC,** )
    Serve: )
    **Joseph Francis** )
    **Owner/Member** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE: Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
)
    OR )
    Wherever he may be found )
)
**TURTLECREEK PROPERTIES, INC.** )
    Serve: )
    **Joseph R. Francis** )
    **Owner** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE: Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
)
    OR )
    Wherever he may be found )
)
**J.F., LLC,** )
    Serve: )
    **Joseph R. Francis** )
    1111 Bel Air Place )

8

Bel Air, CA 90077 )
OR )
"Girls Gone Wild" Offices )
The Tower in Westwood )
10940 Wilshire Blvd. )
Tenth Floor )
Westwood, CA 90024 )
(NOTE: Defendant's name is not )
Listed on building directory, but )
Offices are there on the 10th floor )
)
OR )
Wherever he may be found )
)
**THE CASA ARAMARA** )
**"FIDEICOMISO"** )
(Mexican Bank Trust) )
**a/k/a THE JOSEPH R. FRANCIS** )
**"FIDEICOMISO"** )
)
<u>Serve</u>: )
    **Joseph R. Francis** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )
    (NOTE: Defendant's name is not )
    Listed on building directory, but )
    Offices are there on the 10th floor )
AND )
)
**JOSEPH R. FRANCIS**, )
    <u>Serve</u>: )
    **Joseph R. Francis** )
    1111 Bel Air Place )
    Bel Air, CA 90077 )
    OR )
    "Girls Gone Wild" Offices )
    The Tower in Westwood )
    10940 Wilshire Blvd. )
    Tenth Floor )
    Westwood, CA 90024 )

9

(NOTE: Defendant's name is not )
Listed on building directory, but )
Offices are there on the 10th floor )
                                      )
  OR                                    )
Wherever he may be found      )
                                        )
      Defendants.          )

## PETITION

COMES NOW Plaintiff, Tamara Favazza, and for her Petition, states as follows:

### The Parties

1. Plaintiff **Tamara Favazza** is a resident of St. Louis County, Missouri and a citizen of Missouri.

2. **Path Media Holdings, LLC** is a limited liability corporation formed on the Caribbean island of Nevis in Charlestown, Nevis/St. Kitts. Defendant's sole member and sole owner is Joseph Francis, a resident and citizen of California.

3. **GGW Brands, LLC** is a Delaware limited liability corporation licensed to do business in California. Its sole member and owner is Joseph Francis, a resident and citizen of California.

4. **GGW Brands, Inc.** is a Delaware corporation. Its sole owner and shareholder is Joseph R. Francis, a resident and citizen of California.

5. **GGW Direct, LLC a/k/a "GGW Direct" a/k/a "GGW Direct, Inc." a/k/a "GGW-Online.com"** is a Delaware limited liability corporation licensed to do business in California. Its sole member and owner is Joseph Francis, a resident and citizen of California. As of October/November 2010, GGW Direct, LLC became the successor in interest to Mantra Films, Inc.

10

6. **GGW Events, LLC** is a Delaware limited liability corporation licensed to do business in California. Its sole owner and member is Joseph Francis, a resident and citizen of California.

7. **GGW Magazine, LLC** is a Delaware limited liability corporation licensed to do business in California. Its sole owner and member is Joseph Francis, a resident and citizen of California.

8. **GGW Marketing, LLC** is a Delaware limited liability corporation licensed to do business in California. Its sole owner and member is Joseph Francis, a resident and citizen of California.

9. **Mantra Entertainment, LLC** is a California limited liability corporation licensed to do business in California. Its sole owner and member is Joseph Francis, a resident and citizen of California.

10. **Pepe Bus, LLC** is a Montana limited liability corporation licensed to do business in Montana. Its sole owner and member is Joseph Francis, a resident and citizen of California.

11. **Aero Falcons, LLC a/k/a Aero Falcon, LLC** is a Delaware limited liability corporation. Its sole owners and members are Sands Media, Inc. (see below) and/or Joseph Francis, a resident and citizen of California.

12. **Blue Horse Trading, LLC** is a California limited liability corporation licensed to do business in California. Its sole owner and member is Joseph Francis, a resident and citizen of California.

13. **Sands Media, Inc.** is a corporation. It is unknown where the corporation was filed or where its principal place of business is. Its sole shareholder, president and director is Joseph Francis, a resident and citizen of California.

14. **Rothwell, Ltd.** is an "LTD" entity filed in the Cayman Islands. It was filed with nominal signatories to make it appear as though it was not owned by Joseph Francis. However, Joseph

11

Francis has admitted in IRS proceedings that, in fact, he is the owner of Rothwell, Ltd. Rothwell, Ltd. has financial accounts in the United States.

15. **Mantra Films, Inc.** is an Oklahoma corporation formerly licensed to do business in California. The sole shareholder(s) of Mantra Films, Inc. was either MRA Holding, LLC (a/k/a MRA Holdings, LLC) or Joseph Francis or both.

16. **MRA Holding, LLC (a/k/a MRA Holdings, LLC)** was a California limited liability corporation formerly licensed to do business in California. The former members of MRA Holding, LLC were: (1) Joseph Francis; (2) Mantra Films, Inc.; and (3) Turtlecreek Properties, Inc. Both Mantra Films, Inc. and Turtlecreek Properties, Inc. were solely owned by Joseph Francis. Therefore, the sole owner MRA Holding, LLC is and was Joseph Francis, a resident and citizen of California. On March 16, 2012, Joseph Francis dissolved MRA Holding, LLC.

17. **Turtlecreek Properties, Inc.** was a Delaware corporation whose corporate charter was forfeited on December 17, 2010 and is no longer a legal entity. Turtlecreek Properties, Inc. was solely owned by Joseph Francis.

18. **J.F., L.L.C.** is a California limited liability corporation licensed to do business in California. The sole owner of J.F., L.L.C. is Joseph Francis, a resident and citizen of California.

19. **The Casa Aramara Fideicomiso a/k/a The Joseph R. Francis Fideicomiso** is a Mexican bank trust established to allow Joseph R. Francis to own valuable beachfront property in Punta Mita, Mexico.

20. Under the 1917 Mexican Constitution, foreigners are not allowed to own property within approximately thirty kilometers of any Mexican beach. One method to evade this provision is the "fideicomiso," the Mexican bank trust. Under this procedure, when a foreigner purchases beachfront property, pursuant to a trust agreement, a bank (for example, Scotia Bank of Mexico),

technically takes title to the beachfront property for a fifty-year period (which can be renewed successfully for another fifty-year period by the foreign owner by payment of a fee to the bank), but all beneficial ownership rights vest in the foreign owner.

21. Joseph R. Francis established a Fideicomiso with a Mexican bank in order to own a $30M mansion and estate called "Casa Aramara," located at Casa Aramara, Punta Mita, Bahia de Banderas, Nayarit, 63734 Mexico.

22. The Casa Aramara Fideicomiso is a citizen of either California (because its sole beneficial owner, Joseph R. Francis, lives in California) or Mexico.

23. **Joseph Francis** is an individual and resides at 1111 Bel Air Place in Bel Air, California. He is a citizen of California.

24. The Defendants all have offices for the transaction of their ordinary and customary business at the Girls Gone Wild Offices located at The Tower in Westwood, 10940 Wilshire Blvd., Tenth Floor, Westwood, CA 90024. The Defendants formerly did business until recently at 1601 Cloverfield 420 South, Santa Monica, CA 90404.

25. All Defendant entities are owned and controlled solely by Joseph Francis.

## *In Personam* Jurisdiction

26. *In Personam* jurisdiction was already established over Mantra Films, Inc. and MRA Holding, LLC in *Doe v. Mantra Films, Inc. and MRA Holding, LLC*, 0822-CC-01561 and 0822-CC-01561-01, wherein it was alleged that said Defendants committed certain torts in the State of Missouri. Said Defendants hired an attorney in Missouri, did not contest jurisdiction, and defended the case in Missouri courts for several years. The case resulted in a $5.77M final judgment being rendered in favor of Plaintiff against the Defendants.

13

27. Plaintiff alleges that all of the Defendants listed in this case are the alter egos and/or successors-in-interest of the judgment debtors Mantra Films, Inc. and MRA Holding, LLC, and therefore, in personam jurisdiction is appropriate over them because there was in personam jurisdiction over the judgment debtors.

28. Under the Missouri long-arm statute, all of the Defendants, who are the alter egos of Joseph Francis, Mantra Films, Inc. and MRA Holding, LLC, have entered into contracts in the State of Missouri and have committed tortuous acts in the State of Missouri, including a violation of the Missouri privacy torts, negligence, and fraudulent efforts to transfer assets and evade creditors on a Missouri judgment, and therefore, *in personam* jurisdiction is appropriate under *Rev. Stat. Mo. Sec. 506.500*, and the Defendants have "minimum contacts" with the State sufficient to satisfy the Due Process Clauses of the Missouri and United States Constitution.

29. Moreover, Defendant Mantra Films, Inc. has admitted in an e-mail that GGW Direct, LLC is the successor-in-interest of Mantra Films, Inc., for which *in personam* jurisdiction has already been established in *Doe v. Mantra Films, Inc. and MRA Holding, LLC*, 0822-CC-10561 and 0822-CC-01561.

30. In addition, in personam jurisdiction is appropriate over the Defendants for the following additional reasons:

(a) Defendants Path Media Holdings, LLC and GGW Direct, LLC have established a Girls Gone Wild website, previously owned and operated by Mantra Films, Inc., which is available in all fifty states, including Missouri, and which offers customers the opportunity to purchase memberships and DVDs for a fee. Therefore, these Defendants have established systematic and continuous business in Missouri and have engaged in numerous contracts with Missouri customers;

14

(b) Path Media Holdings, LLC is the title holder of all of the Girls Gone Wild trademarks and intellectual property, and said trademarks and intellectual property are used and have been used on a systematic, regular, and continuing basis to sell goods and services to customers in Missouri and to enter into contracts with customers in Missouri;

(c) GGW Magazine, LLC sells its magazines to customers in Missouri on a regular basis through its distributors, and therefore, conducts regular, systematic and continuing business in the State of Missouri, and has engaged in contracts with Missouri customers;

(d) GGW Events, LLC has, from time to time, organized events in Missouri, and therefore has conducted regular, systematic and continuing business in Missouri;

(e) Aero Falcons, LLC, Sands Media, Inc., and Joseph Francis own a jet which has flown through the airspace of Missouri and has occasionally stopped in Missouri airports or airfields, and therefore, said Defendant has established regular, systematic and continuous business in Missouri;

(f) GGW Brands, LLC, GGW Brands, Inc., and GGW Marketing, LLC have engaged in marketing efforts related to all fifty states, including Missouri, and therefore have conducted regular, systematic, and continuing business in Missouri;

(g) Pepe Bus, LLC has driven its Girls Gone Wild buses through Missouri and has stopped at Missouri businesses, including the Rim Jungle in downtown St. Louis; and

(h) All of the Defendants are owned and controlled by Joseph R. Francis, and therefore Joseph Francis has conducted regular, systematic and continuing business in the State of Missouri.

Venue

31. This cause of action accrued in the City of St. Louis, Missouri, because this case involves the Defendants' fraudulent transfer of assets to evade creditors in an effort to prevent execution

on a judgment originally entered in the Circuit Court of the City of St. Louis, MO, which in turn originally arose out of acts which occurred within the City of St. Louis, MO.

32. In addition, when all Defendants are not citizens of Missouri (which is the case here), the case may be filed in any County within the State.

Alter Ego/Piercing the Corporate Veil

33. All of the Defendants are the alter ego of the judgment debtors and/or successors-in-interest to Mantra Films, Inc. and MRA Holding, LLC, and all Defendants are the alter ego of Defendant Joseph Francis, who owns and controls all of the Defendants exclusively.

34. The Defendants were created in an effort to evade creditors. Plaintiff alleges that the corporate veil of these limited liability corporations, corporations and bank trusts must be pierced and the Court must declare all of these entities to be the alter ego of Joseph Francis, Mantra Films, Inc. and MRA Holding, LLC.

35. All of the Defendants have the same or overlapping members and officers (namely, Joseph R. Francis) and ultimately are all owned and controlled by Joseph Francis.

36. Their funds are commingled and have been transferred back and forth to each other.

37. All of the businesses are treated by Joseph Francis together as one entity, as extensions of himself, under his entire dominion and control.

38. These separate entities are operated by Joseph Francis for an improper purpose, namely shielding himself and his companies from judgments and debts.

The Judgment

39. On March 5, 2012, in *Jane Doe v. Mantra Films, Inc. et al.*, Cause No. 0822-CC-01561-01, the Circuit Court of the City of St. Louis entered judgment against Mantra Films, Inc. and MRA Holding, LLC, two corporate entities within the control and sole ownership of Defendant Joseph

16

Francis. The judgment was in the amount of $5,772,558. The judgment became final on April 4, 2012 and unappealable on April 14, 2012.

40. A subsequent Motion by Mantra Films, Inc. and MRA Holding, LLC to set aside the judgment for "excusable neglect" as well as an untimely Motion for New Trial were denied by the Court on June 19, 2012.

41. Efforts by Mantra Films, Inc. and MRA Holding, LLC to stay execution on the judgment were also denied by the Court on June 19, 2012. The Court ruled that execution could proceed.

42. Joseph Francis and the other Defendants engaged in a scheme to defraud the Plaintiff by changing the Defendants' names, transferring assets, closing accounts, contacting vendors to have contractual payments made to new parties, and other methods in order to make Mantra Films, Inc. and MRA Holding, LLC judgment-proof.

43. It is believed that the Defendants all have assets which may be used to satisfy the judgment. These assets include:

(a) a 1971 Gulfstream G1159 jet which seats 22 people, Tail Number N141JF, owned by Aero Falcons, LLC, garaged at Palmdale Airport in Palmdale, California, worth at least $2M ;

(b) a house appraised at approximately $10M, with a mortgage of $5M, and equity owned by Joseph Francis of at least several million dollars, located at 1111 Bel Air Place, Bel Air, CA 90077, which is owned either by Joseph Francis, Turtlecreek Properties, Blue Horse Trading, LLC, GGW Direct, LLC, or one of the other Defendants, or a combination thereof;

(c) a $30M beachfront Mexican mansion called Casa Aramara in Punta Mita, Mexico, owned free and clear, by the Casa Aramara Fideicomiso (or Mexican bank trust, with beneficial ownership rights vesting in Joseph R. Francis), with the address: Casa Aramara, Punta Mita, Bahia de Banderas, Nayarit, 63734 Mexico;

17

(d) one or more vehicles owned by Joseph Francis, with a value of over $100,000;

(e) accounts owned by Rothwell, Ltd. worth several million dollars;

(f) contractual accounts receivable owned by Mantra Films, Inc., MRA Holding, LLC, GGW Direct, LLC, and other Defendants, from vendors, worth over $1M, said receivables which continue into the future;

(g) bank accounts owned by the Defendants;

(h) trademarks, copyrights, and other valuable intellectual property owned by Path Media Holdings, LLC, including the trademarks for "Girls Gone Wild" for pre-recorded videos, adult content websites, and clothing/apparel/jewelry, as well as sports drinks and other types of drinks, including alcoholic drinks, all worth over $20M;

(i) master videotapes, master DVDs, and the consent release forms pursuant to federal law which accompany them; customer lists, inventory on hand, and trade dress, all worth over $2M;

(j) personal property located at 10940 Wilshire Blvd, Tenth Floor;

(k) personal property located at 1111 Bel Air Place, Bel Air, CA; and

(l) personal property located on the person of Joseph R. Francis; and

(m) cash on hand.

## COUNT I
(Fraudulent Transfers in Violation of the Missouri Fraudulent Transfer Act,
*Rev. Stat. Mo. Secs. 428.024, 428.029, and 428.039*)

44. Plaintiff incorporates by reference Paragraphs 1 through 26 as if more fully set forth herein.

45. On March 16, 2012, Defendant Joseph Francis intentionally and fraudulently dissolved MRA Holding, LLC in an effort to evade creditors and make the March 5, 2012 judgment uncollectible.

18

46. Prior to 2010, Defendant Mantra Films, Inc. had a lucrative contract with In Demand, LLC, a New York pay-per-view company, pursuant to which In Demand, LLC would license media content from Mantra Films, Inc. and would pay monthly fees to Mantra Films, Inc.

47. On November 8, 2010, exactly one week after the trial court in *Doe v. Mantra Films, Inc. and MRA Holding, LLC* granted a new trial to Plaintiff Favazza (making the prospect of a judgment in the millions of dollars likely), Defendant Francis and Mantra Films, Inc., in an effort to evade creditors, hatched a scheme to divest Mantra Films, Inc. of all of its accounts receivable.

48. On November 8, 2010, Rebecca Nassar, Post Production Supervisor for Mantra Films, Inc., at the instruction and order of owner Joseph Francis, sent an e-mail to In Demand, LLC, advising that In Demand, LLC should start sending payments to "GGW Direct, LLC" (a limited liability company created only weeks earlier by Francis) instead of to Mantra Films, Inc.

49. Nassar's e-mail stated:

*"We now require all contracts to be changed from Mantra Films, Inc. to GGW Direct, LLC. The name change reflects the fact that the company is growing into new and additional products and new territories throughout the world. Can you please advise me to what steps we need to take to get this done?"*

50. Future payments by In Demand, LLC were made to GGW Direct, LLC, and those payments continue today.

51. Mantra Films, Inc. changed its website in late 2010 so that payments made by customers for monthly service fees and for DVDs were now to be made to GGW Direct, LLC instead of Mantra Films, Inc. The Terms and Conditions page was similarly changed to make clear that going forward the customer's contract was with GGW Direct, LLC instead of Mantra Films, Inc.

19

52. Former accounts of Mantra Films, Inc. at Bank of America, N.A., Wells Fargo Bank, and UBS Financial Services, Inc. were closed by Defendants in an effort to evade creditors.

53. During the four years before the March 5, 2012 judgment, and ever since the March 5, 2012 judgment, Defendant Francis and the other Defendants, in an effort to keep funds away from present and future creditors (including Plaintiff here), have embarked on a scheme to transfer assets away from Defendants Mantra Films, Inc. and MRA Holding, LLC and to close accounts where those Defendants formerly held funds.

54. Mantra Films, Inc. and MRA Holding, LLC, through their owner and alter ego Joe Francis, with the actual intent to hinder, delay and defraud the Plaintiff and other creditors, wrongfully and fraudulently transferred funds and property to one or more of the Defendants listed herein.

55. Said transfers were accomplished without receiving reasonably equivalent value in return.

56. Once the transfers of funds and other assets from Mantra Films, Inc. and MRA Holding, LLC occurred, the remaining assets of Mantra Films, Inc. and MRA Holding, LLC were unreasonably small in relation to the transfers made.

57. All transfers were made to insiders, including but not limited to Joe Francis and the other Defendants.

58. Joe Francis, as alter ego of Mantra Films, Inc. and MRA Holding LLC, even after the transfer, retained possession or control of the property so transferred.

59. With regard to transfers made before the March 5, 2012 judgment, at the time of the transfers, Defendants and their owner and alter ego Joe Francis knew that Mantra Films, Inc. and MRA Holding, LLC had been sued by Plaintiff and knew that a judgment in the millions of dollars was not only possible but likely.

20

60. With regard to transfers after the March 5, 2012, Defendants and their alter ego Joe Francis knew that the Plaintiff would soon be able to begin executing on the property and assets of Mantra Films, Inc. and MRA Holding, LLC.

61. The transfers away from Mantra Films, Inc. and MRA Holding LLC were of substantially all of the assets of those Defendants.

62. Mantra Films, Inc. and MRA Holding, LLC became insolvent shortly after all the transfers were made to Francis and the other Defendants.

63. Many of the transfers occurred shortly after a substantial debt was incurred by Mantra Films, Inc. and MRA Holding, LLC.

64. The insider Defendants, at the time they received transfers, had reasonable cause to believe that the transfer would render Mantra Films, Inc. and MRA Holding, LLC insolvent, and knew they were engaging in a scheme to make Mantra Films, Inc. and MRA Holding, LLC judgment-proof.

65. Plaintiff has issued garnishments on the $5.77 M judgment against sources previously thought to be indebted to the Defendants Mantra Films, Inc. and MRA Holding, LLC. These included:

(a) Bank of America, N.A.;

(b) Bank of America Merrill Lynch;

(c) Wells Fargo Bank, N.A.;

(d) Wells Fargo Financial Advisors Network, LLC;

(e) UBS Financial Services, Inc.;

(f) Netflix, Inc.;

(g) Netflix.com, Inc.;

21

(h) Charter Communications, LLC;

(i) Blockbuster, Inc.;

(j) Time Warner Cable Media, Inc.;

(k) DirecTV, Inc.;

(l) Southwestern Bell Telephone Company d/b/a AT&T Missouri;

(m) Comcast of Missouri, Inc.;

(n) Verizon Communications, Inc.;

(o) Dish Network Service, LLC;

(p) Mastercard International Incorporated;

(q) Visa U.S.A., Inc.

66. To date, none of the garnishments has been returned with any money owed to the Defendants Mantra Films, Inc. or MRA Holding, LLC.

67. The actions of Joe Francis and the other Defendants are unlawful and violate the Missouri Fraudulent Transfer Act, *Rev. Stat. Mo. Chapter 428.*

68. As a direct result of the fraudulent transfers by the Defendants, Plaintiff has been damaged in that she has been unable to collect upon her judgment.

69. Pursuant to *Rev. Stat. Mo. Sec. 428.039,* and other provisions of the Missouri Fraudulent Transfer Act, Plaintiff seeks an Order from the Court:

(a) holding all Defendants jointly and severally liable for the $5,772,558 judgment previously entered against Defendants Mantra Films, Inc. and MRA Holding, LLC;

(b) avoiding all transfers within the last four years (and continuing on until the date of judgment in this case) from either Mantra Films, Inc. or MRA Holding, LLC to any other of the Defendants, and ordering the Defendants with the transferred funds of assets to deposit the funds

22

and assets transferred immediately into the Court registry, for a payout order to Plaintiff up to the amount of the judgment, plus interest, court costs, attorneys fees, and collection damages;

(c) enjoining the Defendants from transferring any other assets from Mantra Films, Inc. or MRA Holding, LLC to any other entity until the judgment has been fully satisfied;

(d) authorizing execution and garnishment of all funds and assets of the Defendants in order to satisfy the judgment;

(e) ordering the Defendant Aero Falcons, Inc. a/k/a Aero Falcon, Inc. to surrender all aircraft for purposes of execution and sale to the highest bidder by a receiver;

(f) ordering Path Media Holdings, LLC to surrender all trademarks, copyrights and other intellectual property; consent/release forms from those videotaped indicating that they are of appropriate age to be filmed in accordance with federal law; master videotapes or DVDs; customer lists, inventory on hand, trade dress; accounts receivable from vendors pursuant to contracts; and account records to a receiver, so that the same may be sold at auction to the highest bidder to satisfy the judgment;

(g) with respect to any contract between Mantra Films, Inc. and any vendor or licensee of Girls Gone Wild media content, if, in the same or subsequent contracts, the name Mantra Films, Inc. was changed to that of one of the Defendants, for an order disgorging all contractual payments made to said Defendants and delivering said sums to Plaintiff in satisfaction of the judgment; and

(h) in the event Joseph Francis refuses to submit to a judgment debtor examination, or fails to appear for a judgment debtor examination, ordering a body attachment of Joseph Francis, for the sheriff to seize the person of Joseph Francis, so that he may answer questions before the Court under oath as to all accounts, records, stocks, bonds, funds, assets, and property of himself and

23

all of the other Defendants, including account locations, institutions where the funds or property are kept, account balances, account numbers and passwords.

WHEREFORE, Plaintiff prays for judgment on Count I in her favor, together with the relief specified above in Paragraph 47, and such further relief as the Court deems just and proper.

### COUNT II (Piercing the Corporate Veil; Alter Ego; Declaratory Judgment)

70. Plaintiff incorporates by reference Paragraphs 1 through 69 as if more fully set forth herein.

71. Plaintiff seeks to pierce the corporate veil and requests a Declaration from the Court under the Missouri Declaratory Judgment Act that all of the Defendants are the alter ego of Defendant Joseph Francis, as well as the alter ego or successors-in-interest of Defendants Mantra Films, Inc. and MRA Holding, LLC; and that Joseph Francis is the alter ego of Mantra Films, Inc. and MRA Holding, LLC.

72. Joseph Francis has exercised, and continues to exercise, complete dominion and control over all of the other Defendants such that the other Defendants have no separate mind, existence, or identity of their own.

73. Funds are frequently commingled and transferred by Joseph Francis between the Defendants.

74. Domination and control over the other Defendants was used by Joseph Francis for an unlawful and fraudulent purpose, namely attempting to make the Defendants MRA Holding LLC and Mantra Films, Inc. judgment-proof.

75. The establishment of these separate corporate entities, their control by the Defendant Joseph Francis, and Francis' manipulation of the corporate entities to accomplish fraud on creditors has damaged the Plaintiff, in that his actions made the judgment difficult if not impossible to satisfy and collect upon.

76. As the Defendants and Mantra Films, Inc. and MRA Holding LLC are all alter egos of each other, the statute of limitations for Count II is satisfied because the statute of limitations was met in the underlying case, *Jane Doe v. Mantra Films, Inc. et al.,* Cause No. 0822-CC-01561 and Cause No. 0822-CC-01561.

77. In addition, the statute of limitations for Count II is satisfied because:

(a) Defendant Mantra Films, Inc. has already admitted in writing that GGW Direct, LLC is the successor-in-interest of Mantra Films, Inc. pursuant to a mere name change;

(b) any statute of limitations is tolled by the filing of *Jane Doe v. Mantra Films, Inc. et al.,* Cause No. 0822-CC-01561 and Cause No. 0822-CC-01561;

(c) any statute of limitations is tolled by the Defendants' intentional and fraudulent concealment. *See Rev. Stat. Mo. Sec. 516.280;*

*(d)* the cause of action here did not accrue until the judgment was obtained and was final and unappealable.

78. Plaintiff seeks a Declaration from the Court that all Defendants, including Joseph Francis, are jointly and severally liable for the $5,772,558 judgment rendered in *Jane Doe v. Mantra Films, Inc.*, and that execution may be had on the assets and funds owned by any of those Defendants, and that garnishments may be levied on any person or entity owing a debt or keeping property or an account belonging to any of the said Defendants, including Joseph Francis.

79. Plaintiff seeks a further Declaration that garnishment may be taken against the Bank which is the technical title holder of the Casa Aramara Fideicomiso, and that said Bank be directed to prepare the proper paperwork to transfer the beneficial ownership of Casa Aramara to a receiver,

25

who shall be entitled to sell the mansion to allow the proceeds of such a sale to satisfy the judgment.

80. Plaintiff seeks a further Declaration that Path Media Holdings, LLC execute the appropriate forms with the U.S. Patent and Trademark Office to transfer all trademarks and intellectual property for Girls Gone Wild, as well as all master DVD tapes, consent/release forms, passwords, media content, customer lists, inventory on hand, and trade dress, to a receiver, who shall sell said items at auction, so that the proceeds may be used to satisfy the judgment.

WHEREFORE, Plaintiff prays for judgment in her favor on Count II, together with the relief specified above in Paragraphs 78-80, and such further relief as the Court deems just and proper.

## COUNT III
*(Cal. Civil Code Secs. 3439.04 and 3439.07—California Fraudulent Transfer Act)*

81. Plaintiff incorporates by reference Paragraphs 1 through 80 as if more fully set forth herein.

82. To the extent California law instead of Missouri law applies, Plaintiff alleges that the Defendants have violated the California Fraudulent Transfer Act, for the same reasons as alleged in Count II above, and have damaged the Plaintiff in the same manner as alleged in Count II above, and Plaintiff prays for the same remedies as sought with respect to the Missouri Fraudulent Transfer Act.

WHEREFORE, Plaintiff prays for judgment in her favor on Count III, together with the relief specified above in Paragraph 69, and such further relief as the Court deems just and proper.

## COUNT IV (Fraud/ Civil Conspiracy)

83. Plaintiff incorporates by reference Paragraphs 1 through 57 as if more fully set forth herein.

84. All of the Defendants have engaged in an agreement and conspiracy among themselves to thwart the efforts of Plaintiff to collect on her lawful judgment.

26

85. The Defendants have fraudulently and wrongfully transferred funds and property with actual intent to defraud creditors, including Plaintiff.

86. The actions of the Defendants were intentional, outrageous, with malice, and without justification or excuse.

87. The Plaintiff reasonably relied on the Defendants to maintain whatever existing accounts and funds they had, to remain in corporate existence, and to lawfully satisfy their judgment, or, in the alternative, to timely and lawfully appeal the judgment.

88. Defendants materially misrepresented the facts and conspired to hide assets from Plaintiff and other judgment creditors.

89. Defendants closed down accounts where funds were located in order to defraud creditors.

90. Defendants dissolved MRA Holding LLC only eleven days after the March 5, 2012 judgment in a fraudulent attempt to make the company judgment-proof.

91. Defendants changed all their contracts from Mantra Films, Inc. to GGW Direct, LLC only one week after the trial court in the Doe case granted a new trial to Plaintiff.

92. As a direct result of the material misrepresentations, fraud, and civil conspiracy of the Defendants, the Plaintiff was damaged, in that she was unable to satisfy her lawfully-obtained judgment.

93. The actions of the Defendants warrant the imposition of compensatory and punitive damages.

WHEREFORE, Plaintiff pray for judgment against the Defendants in Count IV in an amount which is fair and reasonable to satisfy their judgment, but at least $5,772,558, plus court costs, punitive damages, and such other relief that the Court deems just and proper.

27

Respectfully Submitted,

THE MEDLER LAW FIRM, LLC

John F. Medler, Jr. #38533
Tamara M. Medler #38534
7700 Bonhomme Ave Suite 360
Clayton MO 63105
(314)-727-8777 (office)
(314)-727-7001 (fax)
john@medlerlawfirm.com (e-mail)
*Co-Counsel for Plaintiff*

MEDLER & ROITHER, LLC

Jeffrey P. Medler #44971
David Roither #51426
8000 Maryland Ave
Suite 640
Clayton, MO 63105
(314)-862-8888 (office)
(314)-862-8988
jmedler@medlerroither.com
droither@medlerroither.com
*Co-Counsel for Plaintiff*

28