UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA FAVAZZA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:12cv1561 TCM |
| PATH MEDIA HOLDINGS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Service on each of the eighteen named defendants in this diversity action was attempted after the case was removed from state court and was allegedly obtained by serving Joseph Francis (Francis), the only individual defendant, when he was at the St. Louis area airport on October 22, 2012.  Pending before the Court is the motion by Francis and all but one of the corporate entities to quash service.[1]  [Doc. 93]

## **Background**

After this action was removed, Plaintiff filed an amended complaint[2] and requested that alias summons issue to each of the nineteen defendants named therein.[3]  It is undisputed

---

[1] One defendant, Rothwell, Ltd., has filed a separate motion to dismiss for lack of in personam jurisdiction, improper venue, and failure to state a claim.

[2] The amended complaint included claims for fraudulent transfers, in violation of Mo.Rev. Stat §§ 428.024, 428.029, and 428.039 (Count I); a declaratory judgment that the corporate entities are the alter ego of Francis (Count II), and fraudulent transfers, in violation of Cal. Civ. Code §§ 3439.04, 3439.07 (Count III).  Essentially, Plaintiff is alleging various claims in an attempt to collect on her Missouri Circuit Court judgment.

[3] Plaintiff explained in two requests that she had obtained service on the nineteen defendants when her action was pending in state court; however, the service had been thirty-seven days after summons had issued and was, therefore, untimely under Missouri rules.  (See Docs. 33, 37.)

that the return of each summons indicates that Francis was served on October 22, 2012, when he was in the airport after arriving in St. Louis to comply with an order of the Missouri Court of Appeals that he personally appear at a mediation in an appeal[4] from the $5,722,558.00 verdict in the judge-tried case of Doe v. Francis, No. 0822-CC01561-01 (Mo. Cir. Ct. Mar. 5, 2012).

Sometime later, in December 2012, Plaintiff filed a memorandum stating that she was "consider[ing]" five alias summonses as being "returned 'unexecuted.'" (Pl.'s Mem. at 1, Doc. 57.) Those five were to GGW Brands, LLC; GGW Direct LLC; GGW Magazine, LLC; GGW Marketing LLC; and Pablo Holdings, LLC. (Id.) Although she would "defend [the] original service [of the alias summonses] as valid," she anticipated serving the five Defendants' registered agent "to ensure there is no confusion as to valid service." (Id.) The following day, pluries summonses were issued for each of the five Defendants for service on their registered agent in Sacramento, California. (See Doc. 61.)

These pluries summonses were returned executed as to GGW Brands, LLC, and GGW Direct, LLC. And, the confusion Plaintiff wished to avoid arose.

Francis and sixteen of the corporate entities, see note 1, supra, move to quash the October 2012 service of process on the grounds that (1) service on Francis was not proper because his presence in the State of Missouri was due only to the appellate court order directing it and, therefore, he was then immune to service on his own and the corporate

---

[4]The appeal was dismissed on March 22, 2013, after the appellants, Francis, MRA Holdings, LLC, and Mantra Films, Inc., filed to file the record on appeal as ordered. See Doe v. MRA Holdings, LLC, ED 98649 (Mo. Ct. App. Mar.22, 2013).

Defendants' behalf, and (2) regardless, there is no evidence that he was the proper person to accept service on behalf of the corporate Defendants.

After the motion to quash, response, and reply were filed, six of the moving corporate Defendants filed for bankruptcy protection.  The six are:  GGW Brands, LLC; GGW Direct, LLC; GGW Events, LLC; GGW Magazine, LLC; Mantra Films, Inc.; and MRA Holding, LLC.  Consequently, the discussion below relates only to Francis and to the remaining ten corporate Defendants:  Path Media Holdings, LLC; GGW Brands, Inc.; GGW Marketing, LLC; Pepe Bus, LLC; Aero Falcons, LLC; Blue Horse Trading, LLC; Sands Media, Inc.; Turtlecreek Properties, Inc.; J.F., LLC; and Pablo Holdings, LLC.

Plaintiff contends that service on Francis is effective service on GGW Brands, Inc.; J.F., LLC; and Blue Horse Trading, LLC, because Francis is an officer or manager of each.  Service on Francis is service on Sands Media, Inc., a "S" corporation, because he is the only owner and, consequently, is an officer or manager.  Service on Francis is service on Aero Falcons, LLC, because he is the owner of the company and, consequently, is an officer or manager.  Service on Francis is service on Pepe Bus, LLC, because he is the only member and, consequently, is an officer or member.  Service on Francis is service on Turtlecreek Properties, Inc., because the only member of MRA Holding, a California limited liability company owned by Francis, is Turtlecreek Properties.[5]

---

[5]The Court notes that Plaintiff later alleges that the only member of MRA Holding, LLC, is Mantra Films, owned by Francis.  (See Pl.'s Resp. at 10, ECF No. 97.)

Plaintiff further contends that service on GGW Brands, LLC, was effective service on its only member, Pablo Holdings, LLC, an entity which Plaintiff believes is owned by the Joseph Francis Family Trust.

Plaintiff does not dispute the motion to quash as to Path Media Holdings, LLC, and responses that she needs further discovery on GGW Marketing, LLC.

### Discussion

Movants first contend that any service obtained by serving Francis when he was in St. Louis for the sole purpose of attending a court-ordered mediation in the appeal from the judgment Plaintiff now seeks to collect is null because his appearance in the State was for a court proceeding.

As the Eighth Circuit Court of Appeals observed in **United States v. Hefti**, 879 F.2d 311, 315 (8th Cir. 1989), "[t]here really does not exist any unconditional privilege that a person in court for one case cannot be subjected to execution of judicial process in another case."

> "The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself. . . . As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation."

**Id.** (quoting Lamb v. Schmitt, 285 U.S. 222, 225 (1932)) (alteration in original). "'It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and

that it should be extended or withheld only as judicial necessities require.'" **Id.** (quoting Lamb, 285 U.S. at 225).

Generally, the question of immunity is a procedural matter that is controlled by federal precedent when it arises in federal courts.  See **Hardie v. Bryson**, 44 F.Supp. 67, 72 (D. Mo. 1942); **I.C.C. v. St. Paul Transp. Co.**, 39 F.R.D. 309, 310 (D. Minn. 1966).  See also **Spelbrink v. Jacobs**, 79 F.R.D. 531, 533 (D. Conn. 1977) ("The federal courts have consistently held . . . that the issue of immunity from service of process is governed by federal practice in the federal courts . . . .").  However, "in those situations[, such as in the instant case,] where a person participating in state proceedings is served in a federal diversity action, the state's interest in protecting its own courts is strong and it is doubtful that federal immunity law should govern in those situations.  In such situations, even those courts applying federal immunity law recognize that principles of comity require that the interests of the state be considered in determining whether immunity should be granted."  **Pointer v. Ghavam**, 107 F.R.D. 262, 265 (E.D. Ark. 1985).

The situation before the Court involving service on Francis does not require that immunity be granted him regardless whether the analysis is governed by federal or Missouri law.

The situation is that Francis was served when he was in the St. Louis area airport after arriving here to comply with an order of the Missouri Court of Appeals that he personally appear at a mediation in his appeal from an adverse judgment rendered against him in the state trial court.  Collection of that judgment is the subject of this action.  "Where the subsequent suit (in which immunity from service is sought), is part of, *or a continuation of*,

the cause in which the part was present, the courts have refused to invoke the immunity." **Employers Mut. Liab. Ins. Co. of Wis. v. Hitchcock**, 158 F.Supp. 783, 785 (D. Mo. 1958) (emphasis added).  This limitation of the immunity exception has been adopted "by the majority of courts." **Northern Light Tech., Inc. v. Northern Lights Club**, 236 F.3d 57, 62 (1st Cir. 2001).  See **In re Fish & Neave**, 519 F.2d 116, 118 (8th Cir. 1975) (holding that the immunity exception did not apply because "the process sought to be served [was] in connection with the matter for which the individual [were] before the Court"); **ARW Exploration Corp. v. Aguirre**, 45 F.3d 1455, 1460 (10th Cir. 1995) (declining to apply immunity exception in case in which defendant was served with federal court summons when attending deposition in arbitration proceeding arising from same set of facts).  See also 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1080 at 423 (3rd ed. 2002) ("There is generally no immunity from service of process when the suit in which the immunity is sought is part of, or a continuation of, the suit for which the person claiming immunity is in the jurisdiction.").

One suit is a part of, or a continuation of, another suit if the second suit, in which immunity is sought, will "aid to facilitate the pending litigation, and to carry it to its final conclusion[.]" **Lamb**, 285 U.S. at 226.  In her instant suit, Plaintiff seeks to carry to "a final conclusion" the suit she initiated against Francis in state court.  Under these circumstances, application of the immunity exception will not advance the primary object of the exception – "the due administration of justice." **Id.** at 225.

Although the immunity exception does not apply to service on Francis, there remains the issue of whether service on him of the summonses for the corporate entities was proper.

- 6 -

>Title 28 U.S.C. § 1448 provides that:

>In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

See also **Larsen v. May Med. Ctr.**, 218 F.3d 863, 867 (8th Cir. 2000) ("[S]ervice of process in federal diversity actions is procedural, and therefore, governed by the Federal Rules."); accord **Marshall v. Warwick**, 155 F.3d 1027, 1033 (8th Cir. 1998). After her case was removed, Plaintiff sought issuance of alias summonses on the grounds that service prior to removal was defective. Therefore, service was to be completed "in the same manner as in cases originally" filed in federal court. 28 U.S.C. § 1448.

The Federal Rules of Civil Procedure provide that personal service on a corporation may be obtained by "following the state law for serving a summons in an action." See Fed.R.Civ.P. 4(h)(1)(A) and Rule 4(e)(1). In Missouri, in the case of a corporation, partnership, or other unincorporated association, service must be on "an officer, partner, or managing, or general agent" or on a person at the defendant's business office that has charge thereof or on a registered agent." Mo.S.Ct. 54.13(b)(3). It is irrelevant that the defendant actually receives a copy of the summons if the service was not proper. See **Singh v. M/S Crompton Greaves Ltd.**, 2011 WL 5833969, *2 (E.D. Mo. Nov. 18, 2011).

The entities at issue will be addressed in the order in which they are named as Defendants.

<u>Path Media Holdings, LLC.</u>  The alias summons addressed to Path Media Holdings, LLC, was to be served on Francis, as owner.

The simple designation of Francis as "owner" does not suffice to support proper service on Path Media Holdings, LLC, by service on Francis.  Service shall be quashed.

<u>GGW Brands, LLC.</u>  As noted above, the action has been stayed as to GGW Brands, LLC.

<u>GGW Brands, Inc.</u>  As of September 2012, Francis was listed by the California Secretary of State as the chief executive officer of GGW Brands, Inc.  (Pl.'s Resp. Ex. A-3 at 2, ECF No. 97-3.)  Defendants contend that this exhibit is insufficient to establish that Francis could accept service on behalf of GGW Brands, Inc.  "If a defendant is not properly served, a federal court lacks jurisdiction over that defendant." **Walker v. Laclede Gas Co.**, 2005 WL 1712120, *1 (E.D. Mo. July 21, 2005).  "The burden of proof lies with the party raising a challenge to the sufficiency of service of process."  **Id.**  Missouri Supreme Court Rule 54.13(b)(3) provides for service on a corporation's officer.  If, as Defendants suggest, Francis is no longer an officer, the burden is on them to establish that his status had changed in the month between the information generated by the California Secretary of State and service.  Defendants have not sustained this burden.

Service on GGW Brands, Inc., will not be quashed.

<u>GGW Direct, LLC; GGW Events, LLC; GGW Magazine, LLC.</u>  The action against these three entities has been stayed.

GGW Marketing, LLC.  As with Path Media Holdings, LLC, Francis was served with summons for GGW Marketing, LLC, in his alleged capacity as owner.  For the same reasons, service on GGW Marketing, LLC, will be quashed.[6]

Pepe Bus, LLC.  Francis was also served with summons for Pepe Bus, LLC, in his alleged capacity as owner.  In response to the motion to quash, Plaintiff submits the results of a "business entity search" from the Montana Secretary of State listing Pepe Bus, LLC, as an inactive entity and Francis as the "LLC Manager or Member."  (See Pl.'s Resp. Ex. F, ECF No. 97-13.)  This documentation does not establish that Francis was a manager of Pepe Bus, LLC, when served in October 2012.  See Oxford English Dictionary, http://www.oed.com/view/Entry/132129? (last visited May 3, 2013) (defining "or" as coordinating "two (or more) sentence elements between which there is an alternative").

Aero Falcons, LLC.  As noted by Plaintiff, in **Plaintiff B v. Francis**, 631 F.3d 1310, 1312 (11th Cir. 2011), the Eleventh Circuit Court of Appeals described Aero Falcons, LLC, as being owned or controlled by Francis.  As noted by Defendants, however, there is no

---

[6]In a motion for leave to file additional documentation in support of her opposition to the pending motion to quash, Plaintiff proffers exhibits to show that Francis was the manager of a company, Pablo Holdings, LLC, that owned a company, GGW Brands, LLC, that used to own GGW Marketing, LLC.  She argues that Francis was therefore the last known manager of GGW Marketing, LLC, as of the last date through which it was known to be in existence.

The Court is not unaware of the complexities of Francis's corporate holdings.  The Court notes, however, that there were two status conferences held when all parties, including the corporations now at issue, were represented by counsel and for the express purpose of discussing service-related issues.  Plaintiff's counsel did not appear at either conference, nor did they request that the conferences be rescheduled to accommodate any conflict in their schedule.  An opportunity to discuss service-related issues with opposing counsel would also have arisen at the Rule 16 scheduling conference, at which Plaintiff's counsel did not appear.

Now, four months after filing her response to the motion to quash, she seeks leave to submit additional documentation.  This motion will be denied.

authority supporting Plaintiff's position that service on an entity's owner is sufficient. Service on Aero Falcons, LLC, will be quashed.

Blue Horse Trading, LLC. Francis is listed by the California Secretary of State as the only manager of Blue Horse Trading, LLC. (See Pl.'s Resp. Ex. C-2; ECF No. 97-10.) Defendants have not refuted this. Service on Blue Horse Trading, LLC, will not be quashed.

Sands Media, Inc. Plaintiff cites a finding by the United States District Court for the Central District of California that Francis is the owner of Sands Media, Inc., see Plaintiff's Response Exhibit D at 2, as support for service on him of the summons directed to Sands Media, Inc. Again, this is insufficient under Missouri Supreme Court Rule 54.13(b)(3). Service on Sands Media, Inc., will be quashed.

Mantra Films, Inc., and MRA Holding, LLC. The action as to these two entities has been stayed.

Turtlecreek Properties, Inc. Plaintiff argues that service on Francis was proper for Turtlecreek Properties, Inc., because that entity is the only manager of MRA Holding, LLC, and because Francis is the owner of Turtlecreek Properties, Inc. The only evidence submitted in support of this latter allegation is a print-out of a search inquiry of the Delaware Division of Corporations showing Turtlecreek Properties, Inc., to be a domestic corporation with no registered agent. (See Pl.'s Resp. Ex. G-1, ECF No. 97-14.) The inquiry response also states that it is *not* a statement of good standing. (Id.) Service on Turtlecreek Properties, Inc., will be quashed.

<u>J.F. LLC.</u>  Francis is listed by the California Secretary of State as the only manager of J.F., LLC, and as its chief executive officer.  (See Pl.'s Resp. Exs. B-2, B-3; ECF Nos. 97-5, 97-6.)  Service on J.F., LLC, will not be quashed.

<u>Pablo Holdings, LLC.</u>  Plaintiff argues that service on Francis of summons directed to Pablo Holdings, LLC, is proper because (a) the only member of GGW Brands, LLC, is Pablo Holdings, LLC, thus service on GGW Brands was service on Pablo Holdings and (b) it is believed that Pablo Holdings is owned by the Joseph Francis Family Trust.  Again, service predicated on the served person's ownership of the defendant entity is not sufficient.  Service on Pablo Holdings, LLC, will be quashed.

## Conclusion

Joseph Francis was not immune from service when he appeared at a St. Louis airport en route to a court-ordered mediation in his appeal from a judgment that the pending action seeks to collect.  Consequently, service on him as an individual and as an officer or manager of GGW Brands, Inc.; Blue Horse Trading, LLC; and J.F., LLC, will not be quashed.  Service on the remaining entities as to which the action has not been stayed will be quashed.

Additionally, for the reasons set forth in note 6, supra, Plaintiff's motion for leave to file additional documentation will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to quash [Doc. 93] is **DENIED** as to Joseph Francis; GGW Brands, Inc.; Blue Horse Trading, LLC; and J.F., LLC, and is **GRANTED** as to Path Media Holdings, LLC; GGW Marketing, LLC; Pepe Bus, LLC; Aero Falcon, LLC; Sands Media, Inc.; Turtlecreek Properties, Inc.; and Pablo Holdings, LLC.

**IT IS FURTHER ORDERED** that Plaintiff's motion to submit additional documentation in support of her response to the motion to quash [Doc. 113] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff show cause on or before **May 13, 2013,** why her claims against Path Media Holdings, LLC; GGW Marketing, LLC; Pepe Bus, LLC; Aero Falcon, LLC; Sands Media, Inc.; Turtlecreek Properties, Inc.; and Pablo Holdings, LLC, should not be dismissed without prejudice for failure to timely serve them within the period prescribed by Federal Rule of Civil Procedure 4(m).

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of May, 2013.