UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA FAVAZZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12cv1561 TCM |
| ) | |
| PATH MEDIA HOLDINGS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Rothwell, Ltd. ("Rothwell"), named as a defendant in this action, is alleged to be owned and controlled by another defendant, Joseph Francis. (Pl. Am. Compl. ¶¶ 14, 30(h).) Tamara Favazza ("Plaintiff") seeks to attach assets of Rothwell to satisfy a state-court judgment she has against Francis. She served Francis with summons for Rothwell in his capacity as "owner." (See Ret. of Summons, ECF no. 41 at 23-24.) Rothwell now moves to be dismissed for lack of in personam jurisdiction, for lack of proper service, for improper venue, and for failure to state a claim. Because, for the reasons set forth below, the Court finds there was no proper service, the Court declines to reach Rothwell's alternative arguments.

Title 28 U.S.C. § 1448 provides that:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

See also **Larsen v. May Med. Ctr.**, 218 F.3d 863, 867 (8th Cir. 2000) ("[S]ervice of process in federal diversity actions is procedural, and therefore, governed by the Federal Rules."); accord **Marshall v. Warwick**, 155 F.3d 1027, 1033 (8th Cir. 1998). After her case was removed, Plaintiff sought issuance of alias summonses on the grounds that service prior to removal was defective. Therefore, service was to be completed "in the same manner as in cases originally" filed in federal court. 28 U.S.C. § 1448.

The Federal Rules of Civil Procedure provide that personal service on a corporation may be obtained by "following the state law for serving a summons in an action." See Fed.R.Civ.P. 4(h)(1)(A) and Rule 4(e)(1). In Missouri, in the case of a corporation, partnership, or other unincorporated association, service must be on "an officer, partner, or managing, or general agent" or on a person at the defendant's business office that has charge thereof or on a registered agent." Mo.S.Ct. 54.13(b)(3). It is irrelevant that the defendant actually receives a copy of the summons if the service was not proper. See **Singh v. M/S Crompton Greaves Ltd.**, 2011 WL 5833969, *2 (E.D. Mo. Nov. 18, 2011).

Plaintiff argues that service on Francis is sufficient because he "is the nominee and alter ego of Rothwell, Ltd., and exercises complete dominion and control over it." (Pl. Resp. at 13.) She seeks discovery on whether he is Rothwell's managing agent.

Rothwell, Ltd., is a limited liability company incorporated in the Cayman Islands. (See Def. Mot. Ex. 1, ECF No. 64-2.) The director of Rothwell is Colin Chaffe. (See Def. Mot. Ex. A ¶ 3.) Mr. Chaffe avers that "[n]one of Rothwell's funds nor any other Rothwell property was ever distributed to Joseph Francis . . . ." (Id. ¶ 15.) Francis, however, admitted in a criminal case for tax evasion that "he owns 100% of the interest income generated by the

Rothwell account." See Francis v. United States, Case No. CV 09-09449 at 2 (C.D. Cal. Jan. 13, 2010). He "pled guilty in September 2009 to two misdemeanor tax counts for failing to report interest income on the Rothwell Account in 2003." (Id. at 3.)

Although whether Francis is the owner of the assets of Rothwell is subject to question, contrary to Mr. Chaffe's averments, there is no evidence that Francis occupies any of the positions that make service on him proper service on Rothwell under Missouri Supreme Court Rule 54.13(b)(3). Assuming, without deciding, that he is the owner of Rothwell, that capacity is insufficient to achieve proper service on Rothwell.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Rothwell, Ltd., based on improper service is **GRANTED**. [Doc. 64]

**IT IS FURTHER ORDERED** that Plaintiff show cause on or before **May 31, 2013**, why her claims against Rothwell, Ltd., should not be dismissed for failure to properly serve Rothwell, Ltd., within the period prescribed by Federal Rule of Civil Procedure 4(m).

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2013.